THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* ANDINO ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for the Sale of Adulterated Milk.

No. 692.—Decided July 24, 1914.

ADULTERATED MILK—EVIDENCE.—When, as in the present case, it is shown only that the milk alleged to be adulterated was brought to the defendant's place of business at the same moment when the sanitary inspector arrived there, and that the milk had just been emptied into the receptacle and the cartman was leaving with the can which he had just emptied, it is manifest that the evidence is insufficient to establish the guilt of the accused.

ID.—POSSESSION—EVIDENCE.—The mere fact that the accused are in possession of adulterated milk does not constitute an offence in the absence of evidence that they had offered it for sale.

ID.—INTENTION—EVIDENCE.—In criminal actions like the present in which it is
not necessary to show criminal intent, the existence of the elements consti-
tuting the statutory offence must be shown beyond all reasonable doubt.

The facts are stated in the opinion.

Mr. *Salvador Mestre, fiscal,* for The People.

Mr. *Pedro Santana, Jr.,* for the defendants.

MR. JUSTICE WOLF delivered the opinion of the court.

The defendants were charged with having voluntarily and
illegally offered for sale as pure, milk that was adulterated.
The court found them guilty and sentenced them each to four
days in jail. The *fiscal* in his brief says that the only ground
of appeal is that the criminal intent was not shown, but the
appellants, in point of fact, rely on the failure of the gov-
ernment to make out a case.

Juan Requena, a health inspector, testified that he seized
some milk in the shop of the defendants which was shown by
the proof to be adulterated. The inspector, being cross-ex-
amined by the defence and examined as well by the court,
stated that the milk alleged to be adulterated had just arrived
at the shop of the defendants when he himself arrived; that
the milk had just been placed in the pail and that the milkman
was going away with the jar he had just emptied. This was
substantially all the evidence on the part of the government
and it was not enough to convict these defendants.

All that the evidence disclosed is that the defendants had
just received from a third person adulterated milk. There
is not a scintilla of evidence that they offered the adulterated
milk for sale. There is nothing to show even that the de-
fendants would have offered the milk for sale. The proof
only shows that they came into possession of adulterated milk,
which is not tantamount to proving that they were offering
it for sale. The defendants might have examined the milk
and refused to sell it. Be that as it may, the proof does not
show the crime charged in the complaint or under the statute.
This is a criminal proceeding and one that dispenses with
proof of a criminal intent and hence there is, perhaps, a

greater reason for proving beyond reasonable doubt the elements named by the statute.

As may be seen, the facts in this case are different from those in the case of *The People* v. *Gautier,* which was decided by this court on April 24, 1914 (20 P. R. R., 311); therefore the jurisprudence established in the case of Gautier is not applicable to this.

The judgment must be reversed and the defendants discharged.

*Judgment reversed and defendants acquitted.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison signed stating that he concurred in the judgment.